## SUPREME COURT.

FREDERICK MUSER, appellant, agt. JULIUS LISSNER, respondent.

*Attachment — When should not be vacated because part of claim sued on was not due at time of commencement of action.*

Where it appears by the papers that the claim sued on was fraudulently contracted, the whole debt becomes due by operation of law, and it is error in such a case to vacate an attachment because the term of credit had not expired.

*First Department, General Term, November*, 1884.

*Before* DAVIS, *P. J.*, BRADY *and* DANIELS, *JJ*.

APPEAL from an order vacating attachment.

*Blumenstiel & Hirsch*, for appellant.

*Kurzman & Yeaman*, for respondent.

PER CURIAM. — The attachment issued in this action was predicated of the charge that the defendant had removed and disposed of his property with intent to defraud his creditors. In answer to this charge, upon motion to vacate the attachment, it was insisted by the defendant that a part of the claim involved was not due, and the learned justice and the court below declared that the motion should be granted, inasmuch

as it appeared that a considerable amount of the debt sued for was not due at the time of the commencement of the action. In response to this it was shown by the papers that the debt was fraudulently contracted, the defendant having obtained credit upon representation of solvency that turned out to be untrue. When that fact appeared the whole debt became due by operation of law. This is a familiar principle, which has been declared not only by this court but by the court of appeals in several cases. For these reasons we think the order appealed from should be reversed, with ten dollars costs and disbursements.